UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAGARION BROWN, et al.,<br><br>　　　　Plaintiffs,<br>　v.<br>TETRA TECH, INC., et al.,<br><br>　　　　Defendants. | No. 2:20-cv-01133-DJC-DMC<br><br><br>ORDER |

　　　　On February 6, 2024, Plaintiffs moved for preliminary approval of their amended Federal Rule of Civil Procedure 23 ("Rule 23") class, Fair Labor Standards Act ("FLSA") collective, and Private Attorneys General Act ("PAGA") settlement. (ECF No. 46.) Plaintiffs sought: (1) conditional certification of the settlement class and FLSA collective; (2) preliminary approval of the amended settlement; (3) approval of the amended class and collective notice; (4) appointment of Plaintiffs as class representatives; (5) appointment of Plaintiffs' counsel as class counsel; (6) appointment of Phoenix Class Action Administration Solutions as the settlement administrator; and (7) a hearing date for final approval of the settlement. (*Id.* at 3.)

　　　　The Court granted the Motion in part and denied it in part. (ECF No. 53.) Specifically, the Court granted conditional certification of the settlement class and FLSA collective; appointed Plaintiffs Lagarion Brown, Roy Jackson, Yaphett Saunders,

1

Isaac Saunders, Hakeem Allambie, and Nichlon Garrett as the class representatives; appointed Plaintiffs' counsel Mallison & Martinez as class counsel ("Class Counsel"); and appointed Phoenix Class Action Administration Solutions as the settlement administrator ("Settlement Administrator"). (*Id.* at 28.)

However, the Court denied preliminary approval of the amended settlement and notice without prejudice in order for the Parties to remedy issues related to the treatment of Plaintiffs' PAGA claims. (*Id.*) The Court also required the Parties to more clearly specify the required contents of any dispute concerning the number of workweeks used to calculate class members' estimated settlement shares in the amended notice. (*Id.* at 25–26.) Plaintiffs were granted forty-five days to submit a further amended settlement and notice, which they have now done. (ECF No. 54.)

The Court has reviewed the further amended settlement ("Further Amended Class Settlement") and further amended notice ("Further Amended Class Notice"), and find they adequately address the Court's concerns. Concerning the Further Amended Class Settlement, the Court previously found that preliminary approval of the settlement was appropriate with respect to Plaintiffs' Rule 23 class and FLSA collective claims. (ECF No. 53 at 11–19.) However, the Court noted concerns regarding Plaintiffs' PAGA claims. Although the Court found that the PAGA settlement amount was fair and reasonable, the settlement did not properly inform PAGA class members that they would be bound by settlement of the PAGA claims and would receive a share of the PAGA settlement regardless of whether they opted out of the settlement or not.[1] (*Id.* at 19, 23–24.) The Parties have now revised their settlement to accurately explain that all PAGA class members will receive their pro rata portion of the PAGA payment, regardless of whether they opt out of the settlement, and will

---

[1] Because a PAGA plaintiff serves "as the proxy or agent of the state's labor law enforcement agencies," "a judgment in th[e] action binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government." *Arias v. Superior Ct.*, 46 Cal. 4th 969, 986 (2009). Thus, unlike a class action, there is no mechanism for opting out of a judgment entered on a PAGA claim. *Amaro v. Anaheim Arena Mgmt., LLC*, 69 Cal. App. 5th 521, 541 n.5 (2021).

release their PAGA claims. (*See* ECF No. 54-1 §§ I.X, III.D.6, III.H.2.a.) Accordingly, the Court will approve the Further Amended Class Settlement.

The Court also previously found that the Rule 23 class and FLSA collective notice were largely adequate, but required clarifications regarding Plaintiffs' PAGA claims and the procedure to dispute class members' settlement share calculations. (ECF No. 53 at 24–27.) The Further Amended Class Notice has been revised to explain that any members of the PAGA class will be bound by the Further Amended Class Settlement's release of their PAGA claims and will receive payment for those claims. (ECF No. 54-3 §§ IV–V.) In addition, the Further Amended Class Notice now informs class members of the full scope of information they must submit in order to dispute the workweeks used to calculate their anticipated settlement share. (*Id.* § III.) Accordingly, the Court will approve the Further Amended Class Notice.

Finally, the Court will approve the following implementation schedule proposed by the Parties (*see* ECF No. 46-7 at 5; ECF No. 54-1):

| Event | Date |
|---|---|
| Last day for Defendants Tetra Tech, Inc. and Jesco Environmental and Geotechnical Services, Inc. to provide to the Settlement Administrator a list of the names, most recent known mailing address and telephone number, Social Security Number, and respective number of workweeks that each Class Member[2] worked during the Settlement Class Period[3] in a readable Microsoft Office Excel Spreadsheet ("Class List and Data"). | 15 calendar days after entry of the Court's order granting preliminary approval of the Further Amended Class Settlement and Further Amended Class Notice. |
| Last day for Settlement Administrator to mail the Further Amended Class Notice to Class Members. | 10 calendar days after Settlement Administrator's receipt of Class List and Data. |

---

[2] As defined in the Further Amended Class Settlement. (ECF No. 54-1 § I.C.)
[3] As defined in the Further Amended Class Settlement. (ECF No. 54-1 § I.B.)

| | |
|---|---|
| Last day for Class Members to submit a written request for exclusion from the Further Amended Class Settlement to the Settlement Administrator. | 30 calendar days after the initial mailing of the Further Amended Class Notice to Class Members. |
| Last day for Class Members to return the FLSA Opt-In Form to the Settlement Administrator. | 30 calendar days after the initial mailing of the Further Amended Class Notice to Class Members. |
| Last day for Class Members to object to the Further Amended Class Settlement. | 30 calendar days after the initial mailing of the Further Amended Class Notice to Class Members. |
| Last day for Class Members to submit a written notice of dispute concerning the number of workweeks used to calculate his or her estimated settlement share. | 30 calendar days after the initial mailing of the Further Amended Class Notice to Class Members. |
| Last day for Class Counsel to file with the Court and serve declaration by Settlement Administrator specifying the due diligence undertaken with regard to the mailing of the Further Amended Class Notice. | 49 calendar days before the final settlement approval hearing. |
| Final settlement approval hearing. | February 20, 2025. |

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiffs' Further Amended Class Settlement (ECF No. 54-1) and Further Amended Class Notice (ECF No. 54-3) are APPROVED;

2. The hearing for final settlement approval is set for February 20, 2025, at 1:30 pm before the undersigned in Courtroom 10, with the motion for final approval of class action settlement to be filed at least 35 days in advance of the final settlement approval hearing, in accordance with Local Rule 230(b); and

3. The Parties are directed to implement the Further Amended Class Settlement in accordance with the schedule set forth above.

IT IS SO ORDERED.

Dated:  **August 12, 2024**



Hon. Daniel J. Calabretta

UNITED STATES DISTRICT JUDGE